345-08/MEU/SL
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
SK SHIPPING (SINGAPORE) PTE LTD
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| SK SHIPPING (SINGAPORE) PTE LTD, <br><br> Plaintiff, <br><br> -against- <br><br> PROJECTOR SA, PROJECTOR ASIA PTE LTD. and PROJECTOR SERVICES LIMITED, <br><br> Defendants. | 08 CV _____ ( ___ ) <br><br> **VERIFIED COMPLAINT** |

Plaintiff SK SHIPPING (SINGAPORE) PTE LTD (hereinafter "SK SHIPPING"), for its Verified Complaint against Defendants PROJECTOR SA (hereinafter "PSA"), PROJECTOR ASIA PTE LTD. (hereinafter "PLTD") and PROJECTOR SERVICES LIMITED (hereinafter "PSL") (collectively, hereinafter "Defendants"), alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves claims for the breach of maritime contracts of charter party. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331 in that the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201, *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1, *et seq.*

NYDOCS1/307215.1

2. At all times material hereto, Plaintiff SK SHIPPING was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at 9 Raffles Place #53-03 Republic Plaza, Singapore 048619.

3. At all times relevant hereto, Defendant PSA was and still is a foreign business entity duly organized and existing under the laws of a foreign country with a registered address at 35A Regent Street, Belize City, Belize, but actually doing business at No. 2 Battery Road, HEX22-01 Mayback Tower, Singapore 049907.

4. At all times relevant hereto, Defendant PLTD was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at No. 2 Battery Road, HEX22-01 Mayback Tower, Singapore 049907.

5. At all times relevant hereto, Defendant PSL was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at 57 Berkeley Square, London, England 1J6 3ER.

## COUNT ONE

6. On or about September 6, 2006, Defendant PSA, as charterer, entered into a maritime contract of charter party with Plaintiff SK SHIPPING, as disponent owner[1], to carry a cargo of petroleum products aboard the M/T PRO VICTOR from South Korea to Weipa and Wyndham, Australia.

7. Under the terms of the charter, Defendant PSA was obligated to pay demurrage at the rate of $20,000 per day pro rata for each day the vessel was delayed at the loading and/or discharge port(s) beyond the agreed laytime period of 84 hours.

---

[1] SK Shipping was not the actual owner of the vessel, but rather had chartered it from another entity.

8. On October 3, 2006 at 12:30 hours, Plaintiff SK SHIPPING delivered the M/T PRO VICTOR into the service of Defendant PSA at Onsan, South Korea, and the cargo was duly loaded, transported and discharged, pursuant to the terms of the charter.

9. The time within which the vessel spent loading and/or discharging exceeded 84 hours and as such, demurrage was earned.

10. On or about January 10, 2007, SK SHIPPING issued a demurrage invoice to PSA showing a balance of $17,942.73 due to SK SHIPPING under the charter.

11. In breach of the charter, and despite due demand, PSA has refused and/or otherwise failed to pay $17,942.73, and the entire amount remains due and outstanding.

12. The charter party provides for the application of English law and disputes between the parties to be subject to London arbitration, and SK SHIPPING specifically reserves its right to arbitrate the substantive matters at issue in London. Arbitration has or will soon be commenced.

13. This action is brought *inter alia* pursuant to 9 U.S.C. §8 in order to obtain security for Plaintiff SK SHIPPING's claim made or to be made in the London proceedings and under English law, as agreed by the parties.

14. As a regular feature of English law and arbitration, attorneys fees are awarded to the successful litigant, along with costs, disbursements, the cost of the arbitration, and interest, all of which constitutes a part of the Plaintiff's main claim and the amount sued for herein.

15. Plaintiff estimates, as nearly as can presently be computed, that the legal fees and costs of prosecuting their claims in London will be $50,000. Interest anticipated to be awarded is estimated to be $2,874.81 (calculated at the rate of 7.5% per annum compounded quarterly for

a period of two years on the principal claim of $17,942.73, the estimated time for completion of the proceedings in London).

16.   In all, "Count One" of Plaintiff SK SHIPPING's claim for which it sues in this action, as near as presently may be estimated, totals $70,817.54, no part of which has been paid by PLTD, despite due demand. Plaintiff SK SHIPPING specifically reserves its right to amend this figure and to seek an increase in the amount of security should such sum appear to be insufficient to fully secure SK SHIPPING.

## COUNT TWO

17.   On or about December 5, 2006, Defendant PSA, as charterer, entered into a maritime contract of charter party with Plaintiff SK SHIPPING, as disponent owner[2], to carry a cargo of petroleum products aboard the M/T PRO VICTOR from South Korea to Weipa and Wyndham, Australia or to one safe port in the Brisbane to Sydney Range in Australia, at PLTD's option.

18.   Under the terms of the charter, Defendant PSA was obligated to pay demurrage at the rate of $18,000 per day pro rata for each day the vessel was delayed at the loading and/or discharge port(s) beyond the agreed laytime period of 84 hours.

19.   On January 2, 2007 at 06:00 hours, Plaintiff SK SHIPPING delivered the M/T PRO VICTOR into the service of Defendant PSA at Onsan, South Korea, and the cargo was duly loaded, transported and discharged, pursuant to the terms of the charter.

20.   The time within which the vessel spent loading and/or discharging exceeded 84 hours and as such, demurrage was earned.

21.   On or about March 22, 2007, SK SHIPPING issued a demurrage invoice to PSA showing a balance of $21,998.40 due to SK SHIPPING under the charter.

---

[2] SK Shipping was not the actual owner of the vessel, but rather had chartered it from another entity.

22.     In breach of the charter, and despite due demand, PSA has refused and/or otherwise failed to pay $21,998.40, and the entire amount remains due and outstanding.

23.     The charter party provides for the application of English law and disputes between the parties to be subject to London arbitration, and SK SHIPPING specifically reserves its right to arbitrate the substantive matters at issue in London. Arbitration has or will soon be commenced.

24.     This action is brought *inter alia* pursuant to 9 U.S.C. §8 in order to obtain security for Plaintiff SK SHIPPING's claim made or to be made in the London proceedings and under English law, as agreed by the parties.

25.     Plaintiff estimates, as nearly as can presently be computed, that the legal fees and costs of prosecuting their claims in London will be $50,000. Interest anticipated to be awarded is estimated to be $3,524.62 (calculated at the rate of 7.5% per annum compounded quarterly for a period of two years on the principal claim of $21,998.40, the estimated time for completion of the proceedings in London).

26.     In all, "Count Two" of Plaintiff SK SHIPPING's claim for which it sues in this action, as near as presently may be estimated, totals $75,523.02, no part of which has been paid by PLTD, despite due demand. Plaintiff SK SHIPPING specifically reserves its right to amend this figure and to seek an increase in the amount of security should such sum appear to be insufficient to fully secure SK SHIPPING.

## COUNT THREE

27.     On or about October 2, 2007, Defendant PSA, as charterer, entered into a maritime contract of charter party with Plaintiff SK SHIPPING, as disponent owner[3], to carry a

---

[3] SK Shipping was not the actual owner of the vessel, but rather had chartered it from another entity.

cargo of petroleum products aboard the M/T PRO VICTOR from Chittagong, Bangladesh to South Korea.

28.   Under the terms of the charter, Defendant PSA was obligated to pay demurrage at the rate of $20,000 per day pro rata for each day the vessel was delayed at the loading and/or discharge port(s) beyond the agreed laytime period of 84 hours.

29.   On October 15, 2007 at 13:25 hours, Plaintiff SK SHIPPING delivered the M/T PRO VICTOR into the service of Defendant PSA at Chittagong, and the cargo was duly loaded, transported and discharged, pursuant to the terms of the charter.

30.   The time within which the vessel spent loading and/or discharging exceeded 84 hours and as such, demurrage was earned.

31.   On or about December 10, 2007, SK SHIPPING issued a demurrage invoice to PSA showing a balance of $38,608.49 due to SK SHIPPING under the charter.

32.   In breach of the charter, and despite due demand, PSA has refused and/or otherwise failed to pay $38,608.49, and the entire amount remains due and outstanding.

33.   The charter party provides for the application of English law and disputes between the parties to be subject to London arbitration, and SK SHIPPING specifically reserves its right to arbitrate the substantive matters at issue in London.

34.   Arbitration has or will soon be commenced.  This action is brought *inter alia* pursuant to 9 U.S.C. §8 in order to obtain security for Plaintiff SK SHIPPING's claim made or to be made in the London proceedings and under English law, as agreed by the parties.

35.   As a regular feature of English law and arbitration, attorneys fees are awarded to the successful litigant, along with costs, disbursements, the cost of the arbitration, and interest, all of which constitutes a part of the Plaintiff's main claim and the amount sued for herein.

36. Plaintiff estimates, as nearly as can presently be computed, that the legal fees and costs of prosecuting their claims in London will be $50,000. Interest anticipated to be awarded is estimated to be $6,185.92 (calculated at the rate of 7.5% per annum compounded quarterly for a period of two years on the principal claim of $38,608.49, the estimated time for completion of the proceedings in London).

37. In all, "Count Three" of Plaintiff SK SHIPPING's claim for which it sues in this action, as near as presently may be estimated, totals $94,794.41, no part of which has been paid by PLTD, despite due demand. Plaintiff SK SHIPPING specifically reserves its right to amend this figure and to seek an increase in the amount of security should such sum appear to be insufficient to fully secure SK SHIPPING.

## COUNT FOUR

38. On or about February 13, 2008, Defendant PSA, as charterer, entered into a maritime contract of charter party with Plaintiff SK SHIPPING, as disponent owner[4], to carry a cargo of petroleum products aboard the M/T PRO VICTOR from Chittagong, Bangladesh to Haldia, India.

39. Under the terms of the charter, Defendant PSA was obligated to pay demurrage at the rate of $16,500 per day pro rata for each day the vessel was delayed at the loading and/or discharge port(s) beyond the agreed laytime period of 72 hours.

40. On March 1, 2008 at 04:30 hours, Plaintiff SK SHIPPING delivered the M/T PRO VICTOR into the service of Defendant PSA at Chittagong, and the cargo was duly loaded, transported and discharged, pursuant to the terms of the charter.

41. The time within which the vessel spent loading and/or discharging exceeded 84 hours and as such, demurrage was earned.

---

[4] SK Shipping was not the actual owner of the vessel, but rather had chartered it from another entity.

42. On or about April 2, 2008, SK SHIPPING issued a demurrage invoice to PSA via PLTD showing a balance of $39,414.38 due to SK SHIPPING under the charter.

43. In breach of the charter, and despite due demand, PSA has refused and/or otherwise failed to pay $39,414.38, and the entire amount remains due and outstanding.

44. The charter party provides for the application of English law and disputes between the parties to be subject to London arbitration, and SK SHIPPING specifically reserves its right to arbitrate the substantive matters at issue in London. Arbitration has or will soon be commenced.

45. This action is brought *inter alia* pursuant to 9 U.S.C. §8 in order to obtain security for Plaintiff SK SHIPPING's claim made or to be made in the London proceedings and under English law, as agreed by the parties.

46. As a regular feature of English law and arbitration, attorneys fees are awarded to the successful litigant, along with costs, disbursements, the cost of the arbitration, and interest, all of which constitutes a part of the Plaintiff's main claim and the amount sued for herein.

47. Plaintiff estimates, as nearly as can presently be computed, that the legal fees and costs of prosecuting their claims in London will be $50,000. Interest anticipated to be awarded is estimated to be $6,315.04 (calculated at the rate of 7% per annum compounded quarterly for a period of two years on the principal claim of $39,414.38, the estimated time for completion of the proceedings in London).

48. In all, "Count Four" of Plaintiff SK SHIPPING's claim for which it sues in this action, as near as presently may be estimated, totals $95,729.42, no part of which has been paid by PSA and/or PLTD, despite due demand. Plaintiff SK SHIPPING specifically reserves its

right to amend this figure and to seek an increase in the amount of security should such sum appear to be insufficient to fully secure SK SHIPPING.

## COUNT FIVE

49. On or about April 14, 2008, Defendant PSA, as charterer, entered into a maritime contract of charter party with Plaintiff SK SHIPPING, as disponent owner[5], to carry a cargo of petroleum products aboard the M/T PRO VICTOR from Chittagong, Bangladesh to South Korea.

50. Under the terms of the charter, Defendant PSA was obligated to pay freight at the lump sum rate of $570,000.

51. Plaintiff SK SHIPPING delivered the M/T PRO VICTOR into the service of Defendant PSA at Onsan, South Korea, and the cargo was duly loaded, transported and discharged, pursuant to the terms of the charter.

52. At Chittagong, the Master issued Bill of Lading No. EXP : 09 dated April 29, 2008, which evidenced the 12899.455 metric tons of cargo that was ultimately duly loaded, transported and discharged by the vessel.

53. On or about April 30, 2008, SK SHIPPING issued a freight invoice to PSA via PLTD showing a balance of $562,950.00 due to SK SHIPPING under the charter.

54. On June 18, 2000 SK SHIPPING issued a revised invoice to PSA showing a balance of $562,950.00 due to SK SHIPPING under the charter.

55. In breach of the charter, and despite due demand, PSA has refused and/or otherwise failed to pay $562,950.00, and the entire amount remains due and outstanding.

56. The charter party provides for the application of English law and disputes between the parties to be subject to London arbitration, and SK SHIPPING specifically reserves

---

[5] SK Shipping was not the actual owner of the vessel, but rather had chartered it from another entity.

its right to arbitrate the substantive matters at issue in London. Arbitration has or will soon be commenced.

57.     This action is brought *inter alia* pursuant to 9 U.S.C. §8 in order to obtain security for Plaintiff SK SHIPPING's claim made or to be made in the London proceedings and under English law, as agreed by the parties.

58.     As a regular feature of English law and arbitration, attorneys fees are awarded to the successful litigant, along with costs, disbursements, the cost of the arbitration, and interest, all of which constitutes a part of the Plaintiff's main claim and the amount sued for herein.

59.     Plaintiff estimates, as nearly as can presently be computed, that the legal fees and costs of prosecuting their claims in London will be $300,000. Interest anticipated to be awarded is estimated to be $90,196.79 (calculated at the rate of 7% per annum compounded quarterly for a period of two years on the principal claim of $562,950.00, the estimated time for completion of the proceedings in London).

60.     In all, "Count Five" of Plaintiff SK SHIPPING's claim for which it sues in this action, as near as presently may be estimated, totals $953,146.79, no part of which has been paid by PLTD, despite due demand. Plaintiff SK SHIPPING specifically reserves its right to amend this figure and to seek an increase in the amount of security should such sum appear to be insufficient to fully secure SK SHIPPING.

### ALTER EGOS: PSA, PLTD AND PSL

61.     At all times material hereto, Defendants PSA, PLTD and PSL act interchangeably and on each other's behalf in a relationship which renders each the alter ego of the other.

62.     Defendants utilize the same offices, addresses and telephone numbers for their joint business operation, and act on each other's behalf in guaranteeing or arranging financing

for the others as evidenced by issuance of a certain letter of indemnity in a charter party involving the M/V DYNAMIC EXPRESS where PLTD provided an indemnity on behalf of PSA and in respect to the subject contract where PSL issued a similar guarantee on behalf of PLTD.

## REQUEST FOR RULE B RELIEF

63. Upon information and belief, and after investigation, Defendants cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff believes that Defendants have, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire and/or assets in the form of pre-approved loan commitments or assets earmarked for a share purchase and/or assets in the form of debt owing from other entities (including A/S Dampskibsselskabet TORM) in connection with a certain stock purchase of PSA's interest (or Defendants' interest) in a certain company called FR8 Limited or FR8 Holdings Pte. Ltd., of, belonging to, due or for the benefit of Defendants (hereinafter "ASSETS"), including but not limited to ASSETS in either of their names and/or being transferred for their individual benefits, at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

64. The total amount sought to be attached pursuant to the above is **$1,290,011.18**.

WHEREFORE, Plaintiff SK SHIPPING (SINGAPORE) PTE LTD prays:

a.  That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against Defendants citing them to appear and answer under Oath all and singular the matters alleged, failing which a default will be taken against them;

b.  That since Defendants cannot be found within this District pursuant to Supplemental Rule B, that all tangible and/or intangible property of Defendants up to and including **$1,290,011.18** be restrained and attached, including but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, and/or assets in the form of pre-approved loan commitments or assets earmarked for a share purchase and/or assets in the form of debt owing from other entities (including A/S Dampskibsselskabet TORM) in connection with a certain stock purchase of PSA's interest (or Defendants' interest) in a certain company called FR8 Limited or FR8 Holdings Pte. Ltd., of, belonging to, due or being transferred from or for the benefit of Defendants, including but not limited to ASSETS in either of their names and/or being transferred for their individual benefits, at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c.  That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to the recognition and

enforcement of any judgment or award entered against the Defendants in the London proceedings or elsewhere; and

d. For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
       June 24, 2008

                                  FREEHILL HOGAN & MAHAR, LLP
                                  Attorneys for Plaintiff
                                  SK SHIPPING (SINGAPORE) PTE LTD

                              By: _____
                                  Michael E. Unger (MU 0045)
                                  80 Pine Street
                                  New York, NY 10005
                                  (212) 425-1900
                                  (212) 425-1901 (fax)

## ATTORNEY VERIFICATION

State of New York   )
                    ) ss.:
County of New York  )

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1.   I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2.   The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

3.   The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger

Sworn to before me this
24th day of June, 2008

_____
Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/10

NYDOCS1/307215.1                                14