UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
                                        :
SK SHIPPING (SINGAPORE) PTE LTD.,       :
                                        :
                    Plaintiff,          :
                                        :    08 Civ. 5670 (BSJ)
            v.                          :    **Order**
                                        :
PROJECTOR SA, PROJECTOR ASIA PTE LTD.,  :
PROJECTOR SERVICES LIMITED,             :
                                        :
                    Defendants.         :
----------------------------------------x

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/23/09

On July 10, 2008, the Honorable Laura Taylor Swain, acting

as Part 1 Judge for this district, found that the conditions set

forth in Rule B of the Supplemental Rules for Certain Admiralty

and Maritime Claims of the Federal Rules of Civil Procedure

appeared to exist in this action and thus granted Plaintiff's

request for process of maritime attachment and garnishment.  On

October 16, 2009, the Second Circuit Court of Appeals issued a

decision holding that electronic funds transfers ("EFTs") "are

neither the property of the originator nor the beneficiary while

briefly in the possession of an intermediary bank" and thus

"cannot be subject to attachment under Rule B." Shipping Corp.

of India Ltd. v. Jaldhi Overseas Pte Ltd., 585 F.3d 58, 71 (2d

Cir. 2009).  Shortly thereafter, the Second Circuit ruled that

the holding in Jaldhi applied retroactively to attachments that

had already been granted.  See Hawknet, Ltd. v. Overseas

1

Shipping Agencies, 587 F.3d 127, 130 (2d Cir. 2009), modified
Hawknet, Ltd v. Overseas Shipping Agencies, No. 09-2128-cv (2d
Cir. Dec 22, 2009).

On December 10, 2009, Defendants Projector SA, Projector
Asia Pte Ltd., and Projector Services Limited (collectively,
"Defendants") filed a letter application requesting vacatur of
the maritime attachment previously issued in this action in
light of the rule announced in Jaldhi. On December 16, 2009,
Plaintiff SK Shipping (Singapore) Pte Ltd. ("Plaintiff") filed
its response to Defendants' request. Plaintiff opposed vacatur
on the basis of two claims: (1) that this Court is obliged to
apply New York law rather than Second Circuit precedent on the
issue of the attachability of EFTs, and (2) that Hawknet was
incorrectly decided and would soon be reversed by an en banc
sitting of the Second Circuit.

Plaintiff's arguments are unavailing. Both Jaldhi and
Hawknet are good law, and are applicable to this case despite
Plaintiff's claims to the contrary. Plaintiff has not alleged
that Defendants have any property interest in this district
other than Defendants' supposed interest in EFTs briefly in the
possession of U.S. intermediary banks. Therefore, Plaintiff has
failed to demonstrate cause for the continued attachment of
funds that are not, under the law of this Circuit, Defendants'
property.

Accordingly, in light of the rules announced in Jaldhi and Hawknet that EFTs are not property attachable under Rule B, this Court hereby vacates the July 10, 2008 Order of Attachment and orders the funds attached pursuant to this Order released immediately.

In the absence of any other basis for personal jurisdiction in this case, the above-captioned action is hereby DISMISSED. The Clerk of the Court is directed to close the case.

**SO ORDERED:**

BARBARA S. JONES
**UNITED STATES DISTRICT JUDGE**

Dated:     New York, New York
           December 23, 2009

3